United States District Court
Middle District of Florida
Jacksonville Division

**MISSY NELSON,**

    *Plaintiff,*

v.                                           **NO. 3:23-cv-1202-MMH-PDB**

**DEPUTY SWEET,**

    *Defendant.*

_____

## Report and Recommendation

Proceeding without a lawyer, Missy Nelson filed a two-page, handwritten document titled "Complaint," in which she asks "to get in Court" from the Northeast Florida State Hospital, alleging "Deputy Sweet who works at the Sebring Jail" was "talking about sex in so many words." Doc. 1.

In an order entered on October 16, 2023, the undersigned directed Ms. Nelson to pay the filing fee or apply to proceed without prepaying costs or fees by October 31, 2023. Doc. 2. The undersigned provided her a form application to proceed without prepaying costs or fees. Doc. 2-1. The undersigned explained, "If the plaintiff fails to act in accordance with this order, her case may be dismissed. If the time period for suing has passed, the dismissal would operate as a dismissal with prejudice, which would prevent her from litigating her claims now and in the future." Doc. 2. She has not responded.

Under the authority "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," a

district court has the inherent power to dismiss a case for lack of prosecution or failure to obey a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). Dismissal with prejudice for failure to prosecute is warranted only if there is a "clear record of delay or contumacious conduct[.]" *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

Nelson failed to obey the order entered on October 16. No clear record of delay or contumacious conduct exists. Nothing she alleges suggests a dismissal without prejudice will operate as a dismissal with prejudice. The undersigned recommends dismissing the action without prejudice and directing the clerk to close the file.

## Deadlines for Objections

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections[.]" Fed. R. Civ. P. 72(b)(2). Failing to serve and file specific objections alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on November 13, 2023.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Missy Nelson
Northeast Florida State Hospital
7487 S. State Rd. 121
Macclenny, FL 32063